Janet Schalansky, Secretary Kansas Department of Social and Rehabilitation Services 915 S.W. Harrison Street Topeka, Kansas 66612
Dear Secretary Schalansky:
You request our opinion regarding the status of the Wichita Child Guidance Center (Center), which provides mental health services. Specifically, you inquire whether the Kansas Department of Social and Rehabilitation Services (SRS) can renew the Center's license as a community mental health center. If SRS cannot license the Center, you question whether SRS can contract directly with the Center to provide mental health services.
In 1969, SRS's predecessor was authorized to license "community mental health centers" that received state or federal funds.[1] You indicate that in 1972, SRS licensed the Center as a "community mental health center." However, in 1984 the Legislature crafted a definition of "community mental health center" to include only those organizations organized pursuant to Article 40 of Chapter 19 or Article 2 of Chapter 65 of the Kansas statutes.[2] The Center was one of four organizations that did not meet this definition.[3] For these four organizations, K.S.A. 75-3307b was amended to condition their licenses as community mental health centers "as long as the entity remains affiliated with a licensed community mental health center and continues to meet the licensing standards established by the secretary."[4] SRS regulations provide that a community mental health center that has this type of license may continue to be licensed as a community mental health center if it "remains contractually affiliated with another [licensed] center . . . makes regular and timely applications for renewal of its license and is [in] compliance with the services . . . it has agreed to provide in its contract of affiliation."[5]
You advise that the Center's license comes up for renewal in December of this year and that it has recently lost its affiliation agreement with a licensed community mental health center. Unless the Center contractually affiliates itself with a licensed community mental health center, it is our opinion that the Center's license cannot be renewed. Moreover, pursuant to K.A.R. 30-60-7, SRS may commence an action to revoke the existing license.
Your second query is whether SRS may contract directly with the Center to provide mental health services if the Center is not licensed.
In 1990, the Mental Health Reform Act[6] significantly altered the manner in which mental health services are provided and funded. SRS was charged with developing a plan for operating a state system to provide mental health services for all Kansas residents.[7] The tenor of the Act is that SRS facilitates the provision of services to mentally ill people in their own communities "with primary control and responsibility for the provision of services with mental health centers."[8] K.S.A. 1999 Supp. 39-1610 authorizes SRS to contract with a "participating mental health center" in each area of the state to provide screening, treatment and services to mentally ill persons." SRS is also authorized to "administer and disburse funds to each `mental health center' for the coordination and provision of mental health services for [residents] of the service delivery area."[9] "Mental health center" is defined as "any community mental health center organized pursuant to . . . K.S.A.19-4001 to 19-4015 . . . or mental health clinic organized pursuant to . . . K.S.A. 65-211 to 65-215 . . . and licensed pursuant to K.S.A.75-3307b." Therefore, only mental health providers that are organized pursuant to Article 40 of Chapter 19 or Article 2 of Chapter 65 of the Kansas statutes and who are licensed pursuant to K.S.A 75-3307b are eligible to contract with SRS.
A mental health center can either provide mental health services directly or can contract with other mental health providers such as the Center to provide mental health services,[10] but there is no express statutory authority that allows SRS to contract directly with a provider that is not a "mental health center" as defined at K.S.A. 1999 Supp.39-1602(c). Legislative efforts at providing this express authority failed during the 2000 legislative session.[11]
SRS is an administrative agency of the state of Kansas. As such, it has only the power and authority conferred by the Legislature in SRS's authorizing statutes.[12] While SRS has broad statutory power in ensuring that mental health services are provided to Kansans, it appears that the Legislature has decided that the manner in which that task is accomplished is by contracting only with those mental health providers that meet certain statutory criteria. Therefore, it is our opinion that SRS has no authority to contract directly with a provider of mental health services unless the provider is a "mental health center" as defined at K.S.A. 1999 Supp. 39-1602(c).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] L. 1969, Ch. 403, § 1 [now K.S.A. 75-3307b(a)(4)].
[2] K.S.A. 75-3307c.
[3] Minutes, Senate Committee on Public Health Welfare, February 29, 1984, Attachment 1.
[4] K.S.A. 75-3307b.
[5] K.A.R. 30-60-5(c).
[6] K.S.A. 39-1601 et seq.
[7] K.S.A. 39-1604(a).
[8] K.S.A. 39-1603(f) (emphasis added).
[9] K.S.A. 1999 Supp. 39-1610(b).
[10] K.S.A. 39-1609.
[11] 2000 House Bills No. 2888 and 3040.
[12] Pork Motel Corp. v. Kansas Dep't of Health and Environment,234 Kan. 374, 378 (1983).